Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

| | |
|---|---|
| DAVID PADILLA, JOANNY GARCIA, JOSE LOPEZ TAVAREZ, RUBEN DARIO SANCHEZ JIMENEZ, and VLADIMIR ESTRELLA POLANCO *individually and on behalf of others similarly situated,* | **COMPLAINT** **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| *Plaintiffs,* | **ECF Case** |
| -against- | |
| 701 W. 135TH CAFE INC. (d/b/a COVO TRATTORIA), ANTONIO LOBRUTTO, ARSENIO ROSAS AND LUCAS VALERIANI, | |
| *Defendants.* | |

---------------------------------------------------------------X

Plaintiffs David Padilla, Joanny Garcia, Jose Lopez Tavarez, Ruben Dario Sanchez

Jimenez, and Vladimir Estrella Polanco individually and on behalf of others similarly situated

("Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., allege upon

information and belief, and as against each of Defendants 701 W. 135th Cafe Inc. ("Defendant

Corporation"), Antonio Lobrutto, Arsenio Rosas and Lucas Valeriani (collectively,

"Defendants"), as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants 701 W. 135th Cafe Inc. (d/b/a "Covo Trattoria"), Antonio Lobrutto, Arsenio Rosas and Lucas Valeriani who own and operate Covo Trattoria.

2.      Covo Trattoria was an Italian restaurant owned by Antonio Lobrutto, Arsenio Rosas and Lucas Valeriani, which was located at 701 W. 135th Street, New York, New York 10031.

3.      Upon information and belief, Defendants Antonio Lobrutto, Arsenio Rosas and Lucas Valeriani, serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs are former employees of Defendants.

5.      Throughout their employment with Defendants, Plaintiffs worked as waiters, busboys and food runners.

6.      Plaintiffs regularly worked for Defendants in excess of 40 hours per week, without receiving the required minimum wage or overtime compensation for any of the hours per week that they worked.

7.      Plaintiffs either received no pay or were paid at a rate lower than the tip credit rate.

8.       Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs for any of the hours they worked, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

2

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a)

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operated their business in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES
### *Plaintiffs*

15.     Plaintiff David Padilla ("Plaintiff Padilla") is an adult individual residing in New York County, New York.  Plaintiff Padilla was employed by Defendants from approximately June 2015 until on or about December 23, 2015.

16.     Plaintiff Joanny Garcia ("Plaintiff Garcia") is an adult individual residing in New York County, New York.  Plaintiff Garcia was employed by Defendants from approximately July 2010 until on or about December 19, 2015.

17.     Plaintiff Jose Lopez Tavarez ("Plaintiff Lopez") is an adult individual residing in Bronx County, New York.  Plaintiff Lopez was employed by Defendants from approximately April 2010 until on or about December 22, 2015.

18.     Plaintiff Ruben Dario Sanchez Jimenez ("Plaintiff Sanchez") is an adult individual residing in Bronx County, New York.  Plaintiff Sanchez was employed by Defendants from approximately June 2013 until on or about December 23, 2015.

19.     Plaintiff Vladimir Estrella Polanco ("Plaintiff Estrella") is an adult individual residing in New York County, New York.  Plaintiff Estrella was employed by Defendants from approximately May 2007 until on or about December 23, 2015.

20.     At all relevant times to this complaint, Plaintiffs were employed by Defendants as waiters, busboys and food runners at Covo Trattoria located at 701 W. 135th Street, New York, New York 10031.

21.    Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    Defendants owned, operated and/or controlled a restaurant located at 701 W. 135th Street, New York, New York 10031 under the name of Covo Trattoria, at all times relevant to this complaint.

23.    Upon information and belief, Defendant 701 W. 135th Cafe Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

24.    Upon information and belief, it maintained its principal place of business at 701 W. 135th Street, New York, New York 10031.

25.    Defendant Arsenio Rosas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.    Defendant Arsenio Rosas is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.    Defendant Arsenio Rosas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28.    Defendant Arsenio Rosas determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29.    Defendant Antonio Lobrutto is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30.    Defendant Antonio Lobrutto is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

31.    Defendant Antonio Lobrutto possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

32.    Defendant Antonio Lobrutto determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

33.    Defendant Lucas Valeriani is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

34.    Defendant Lucas Valeriani is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

35.    Defendant Lucas Valeriani possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

36.    Defendant Lucas Valeriani determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

37.     Defendants operated an Italian restaurant located at 701 W. 135th Street, New York, New York 10031, which, on information and belief, also served as the central office of the business.

38.      Individual Defendants Antonio Lobrutto, Arsenio Rosas and Lucas Valeriani possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

39.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

41.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and were Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C.  201 *et seq*. and the NYLL.

42.     In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

43.     Upon information and belief, Individual Defendants Antonio Lobrutto, Arsenio Rosas and Lucas Valeriani operated Defendant Corporation as either an alter ego of themselves, and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

7

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

44.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

45.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

46.     In each year from 2011 to 2015, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

47.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, food that was sold in the restaurant on a daily basis was produced outside of the State of New York.

*Individual Plaintiffs*

48.    Plaintiffs were employees of Defendants, who were employed as waiters, busboys and food runners.

49.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff David Padilla*

50.    Plaintiff Padilla was employed by Defendants from approximately June 2015 until on or about December 23, 2015.

51.    Plaintiff Padilla was employed by Defendants as a waiter.

52.    Plaintiff Padilla regularly handled goods in interstate commerce, such as food and other supplies necessary to perform his duties that were produced outside of the State of New York.

53.    Plaintiff Padilla's work duties required neither discretion nor independent judgment.

54.    From approximately June 2015 until on or about December 23, 2015 Plaintiff Padilla worked from approximately 3:00 p.m. until on or about 1:00 a.m. Mondays Tuesdays and Wednesdays and from approximately 3:00 p.m. until on or about 1:00 a.m. one day every other week (typically 30 to 40 hours per week).

55.    The only compensation Plaintiff Padilla recalls ever receiving from defendants consisted of sharing the tips that the customers left for the waiters, food runners and busboys.

56.    Plaintiff Padilla's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.    For example, Defendants required Plaintiff Padilla to stay past his departure time until the customers left the restaurant, and did not compensate him for the additional time he worked.

58.    Defendants never granted Plaintiff Padilla any breaks during his workday.

59.    Although Plaintiff Padilla was required to keep track of his start and stop times, his name was not in the time tracking system.

60.    Defendants did not provide Plaintiff Padilla with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

61.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Padilla regarding wages as required under the FLSA and NYLL.

62.    Plaintiff Padilla was never notified by the Defendants that his tips were being included as an offset for wages.

63.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Padilla's wages.

64.    Defendants did not provide Plaintiff Padilla with a statement of wages, as required by NYLL 195(3).

65.    Defendants did not give any notice to Plaintiff Padilla, in English and in Spanish (Plaintiff  Padilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Joanny Garcia*

66.    Plaintiff Garcia was employed by Defendants from approximately July 2010 until on or about December 19, 2015.

67.    Plaintiff Garcia was employed by Defendants as a busgirl and food runner.

68.    Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies necessary to perform her duties that were produced outside of the State of New York.

69.    Plaintiff Garcia's work duties required neither discretion nor independent judgment.

70.    Throughout her employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

71.    From approximately January 2011 until on or about April 2013 Plaintiff Garcia regularly worked from approximately 4:00 p.m. until on or about 12:30 a.m. Wednesdays, Fridays, Saturdays and Sundays and from approximately 10:00 a.m. until on or about 12:30 a.m. on Thursdays (typically 48.5 hours per week).

72.    From approximately April 2013 until on or about June 2015, Plaintiff Garcia worked from approximately 4:00 p.m. until on or about 1:00 a.m. Tuesdays through Saturdays (typically 45 hours per week).

73. From approximately June 2015 until on or about September 2015, Plaintiff Garcia worked from approximately 4:00 p.m. until on or about 12:30 or 1:00 a.m. Mondays through Saturdays (typically 51 to 54 hours per week).

74. From approximately September 2015 until on or about December 19, 2015, Plaintiff Garcia worked from approximately 4:00 p.m. until on or about 12:30 or 1:00 a.m. Mondays, Tuesdays, Wednesdays, Fridays and Saturdays (typically 43.75 hours per week).

75. The only compensation Plaintiff Garcia ever received from defendants consisted of sharing the $30 that defendants gave a waiter on Fridays and Saturdays to divide with the food runners and busboys working with that waiter.

76. Plaintiff Garcia's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

77. For example, Defendants required Plaintiff Garcia to stay 30 minutes to one hour past her departure time each day and did not compensate her for the additional time she worked.

78. Defendants never granted Plaintiff Garcia any breaks of any kind during her workday.

79. Plaintiff Garcia was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected her actual hours worked.

80. Defendants did not provide Plaintiff Garcia with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

12

81.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Garcia regarding wages as required under the FLSA and NYLL.

82.     Plaintiff Garcia was never notified by the Defendants that her tips were being included as an offset for wages.

83.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Garcia's wages.

84.     Defendants withheld a portion of Plaintiff Garcia's tips. Specifically, Defendants withheld a percentage of credit card tips customers wrote in for the wait staff.

85.     Defendants did not provide Plaintiff Garcia with a statement of wages, as required by NYLL 195(3).

86.     Defendants did not give any notice to Plaintiff Garcia , in English and in Spanish (Plaintiff  Garcia's  primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jose Lopez Tavarez*

87.     Plaintiff Lopez was employed by Defendants from approximately April 2010 until on or about December 22, 2015.

88.     Plaintiff Lopez was employed by Defendants as a food runner.

89.     Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies necessary to perform his duties that were produced outside of the State of New York.

90.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

13

91.     Throughout most of his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

92.     From approximately January 2011 until on or about November 2015, Plaintiff Lopez worked from approximately 4:00 p.m. until on or about 12:00 a.m. one day a week,  from approximately 4:00 p.m. until on or about 12:30 a.m. three days a week and from approximately 4:00 p.m. until on or about 1:00 a.m. two days a week (typically 51.5 hours per week).

93.     From approximately November 2015 until on or about December 22, 2015, Plaintiff Lopez worked from approximately 4:00 p.m. until on or about 12:30 p.m. three days a week and from approximately 10:00 a.m. until on or about  12:00 a.m. one day a week (typically 39.5 hours per week).

94.     The only compensation Plaintiff Lopez recalls ever receiving from defendants consisted of sharing the tips that the customers left for the waiters, food runners and busboys.

95.     Plaintiff Lopez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

96.     For example, Defendants required Plaintiff Lopez to stay 30 minutes to 1 hour past his departure time many days a week, and did not compensate him for the additional time he worked

97.     Defendants never granted Plaintiff Lopez any breaks during his workday.

98.     Plaintiff Lopez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

99.     Defendants did not provide Plaintiff Lopez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

100.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Lopez regarding wages as required under the FLSA and NYLL.

101.    Plaintiff Lopez was never notified by Defendants that his tips were being included as an offset for wages.

102.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Lopez's wages.

103.    Defendants withheld a portion of Plaintiff Lopez's tips. Specifically, Defendants withheld a percentage of credit card tips customers wrote in for the wait staff.

104.    Defendants did not provide Plaintiff Lopez with a statement of wages, as required by NYLL 195(3).

105.    Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

106.    Defendants required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including approximately 27 polo shirts.

*Plaintiff Ruben Dario Sanchez Jimenez*

107.    Plaintiff Sanchez was employed by Defendants from approximately June 2013 until on or about December 23, 2015.

15

108.    Plaintiff Sanchez was employed by Defendants as a busboy and food runner.

109.    Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies necessary to perform his duties that were produced outside of the State of New York.

110.    Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

111.    Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

112.    From approximately June 2013 until on or about April 2015 Plaintiff Sanchez worked from approximately 4:00 p.m. until on or about 12:30 a.m. Mondays, Wednesdays, Thursdays, Fridays and Saturdays and from approximately 10:00 a.m. until on or about 12:30 a.m. on Sundays (typically 57 hours per week).

113.    From approximately April 2015 until on or about December 23, 2015, Plaintiff Sanchez regularly worked from approximately 9:00 a.m. until on or about 5:00 p.m. Tuesdays, Wednesdays, Fridays, Saturdays and Sundays and from approximately 9:00 a.m. until on or about 12:30 a.m. on Thursdays (typically 55.5 hours per week).

114.    The only compensation Plaintiff Sanchez ever received from defendants consisted of sharing the $30 that defendants gave a waiter on Fridays and Saturdays to divide with the food runners and busboys working with that waiter.

115.    Specifically, Plaintiff Sanchez only received $10 on morning shifts in which there were 2 other tip workers on duty, $6 when there were 4 other tip workers on duty and $2 when there were 8 other tip workers on duty.

16

116.    Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

117.    For example, Defendants required Plaintiff Sanchez to stay 1 hour past his departure time and did not compensate him for the additional time he worked.

118.    Defendants never granted Plaintiff Sanchez any breaks during his workday.

119.    Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

120.    Defendants did not provide Plaintiff Sanchez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

121.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Sanchez regarding wages as required under the FLSA and NYLL.

122.    Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

123.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez's wages.

124.    Defendants withheld a portion of Plaintiff Sanchez's tips. Specifically, Defendants withheld a percentage of credit card tips private party customers wrote in for the wait staff.

125.    Defendants did not provide Plaintiff Sanchez with a statement of wages, as required by NYLL 195(3).

17

126.    Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

127.    Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including approximately 12 polo shirts.

### Plaintiff Vladimir Estrella Polanco

128.    Plaintiff Estrella was employed by Defendants from approximately May 2007 until on or about December 23, 2015.

129.    Plaintiff Estrella was employed by Defendants as a waiter.

130.    Plaintiff Estrella regularly handled goods in interstate commerce, such as food and other supplies necessary to perform his duties that were produced outside of the State of New York.

131.    Plaintiff Estrella's work duties required neither discretion nor independent judgment.

132.    From approximately January 2011 until on or about December 23, 2015 Plaintiff Estrella  worked from approximately 10:30 a.m. until on or about 5:00 p.m. Tuesdays, Wednesdays and Fridays, from approximately 4:00 p.m. until on or about 12:30 a.m. on Thursdays and from approximately  9:30 a.m. until on or about 4:00 p.m. on Saturdays (typically 34.5 hours per week).

133.    The only compensation Plaintiff Estrella ever received from defendants consisted of $20 per shift plus the tips he collected on that shift.

134.    Plaintiff Estrella's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

135.    For example, Defendants required Plaintiff Estrella to stay one hour past his departure time three days a week, and did not compensate him for the additional time he worked.

136.    Defendants never granted Plaintiff Estrella any breaks during his workday.

137.    Plaintiff Estrella was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

138.    Defendants did not provide Plaintiff Estrella with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

139.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Estrella regarding wages as required under the FLSA and NYLL.

140.    Plaintiff Estrella was never notified by Defendants that his tips were being included as an offset for wages.

141.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Estrella's wages.

142.    Defendants withheld a portion of Plaintiff Estrella's tips. Specifically, Defendants withheld a percentage of credit card tips private party customers wrote in for the wait staff.

143.    Defendants did not provide Plaintiff Estrella with a statement of wages, as required by NYLL 195(3).

144.    Defendants did not give any notice to Plaintiff Estrella , in English and in Spanish (Plaintiff Estrella's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

145.    Defendants regularly required Plaintiffs to work without paying them the required minimum wage, spread of hours pay or overtime compensation .

146.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work without paying them appropriate minimum wage, spread of hours pay and overtime compensation, as required by federal and state laws.

147.    Plaintiffs were employed as tipped employees by Defendants.

148.    Defendants either paid nothing or paid Plaintiffs at a rate below the tip credit rate.

149.    Under state law Defendants were required to pay Plaintiffs at least $5.00 per hour, provided that the total of wages plus tips meets or exceeds the minimum hourly wage (12 N.Y.C.R.R.§ 146).

150.    In violation of federal and state law as codified above, Defendants classified Plaintiffs as tipped employees but paid them less than the $5.00 per hour rate as required by law.

151.    Defendants' pay practices resulted in Plaintiffs' pay falling below the required minimum and overtime wage rate.

152.    Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by *inter alia*, not paying them the wages they were owed for the hours they worked.

153.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

154.    At no time did Defendants inform Plaintiffs that they reduced their hourly wage by a tip allowance.

155.    Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

156.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked, including minimum wage, overtime, and spread of hours pay.

157.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

158.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring

and on or before February 1 of each subsequent year, a statement in English and the employees'

primary language, containing: the rate or rates of pay and basis thereof, whether paid by the

hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated

by the employer; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by New

York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

159.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages

claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of

all similarly situated persons who are or were employed by Defendants, or any of them, on or

after the date that is three years before the filing of the complaint in this case (the "FLSA Class

Period"), as employees of Covo Trattoria (the "FLSA Class").

160.    At all relevant times, Plaintiffs and other members of the FLSA Class who were

similarly situated, had substantially similar job requirements and pay provisions, and were

subject to Defendants' common practices, policies, programs, procedures, protocols and plans of

willfully failing and refusing to pay them the required minimum wage under the FLSA, and the

required overtime pay at a one and one-half their regular rates for work in excess of forty (40)

hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

161.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

22

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

162.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

163.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

164.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

165.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

166.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

167.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

168.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

169.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

170.    Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

171.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

172.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

173.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

174.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y.  Lab.  Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

175.    Defendants, in violation of the NYLL, paid Plaintiffs (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

176.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage was willful within the meaning of N.Y.  Lab.  Law § 663.

177.    Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

178.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

179.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

180.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

181.    Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

182.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

183.    Defendants failed to pay Plaintiffs (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a).

184.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

185.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

186.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

187.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

188.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

189.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

190.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

191.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE TIP WITHHOLDING PROVISIONS OF THE NEW**
**YORK LABOR LAW**

192.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

193.    Defendants unlawfully and without permission from Plaintiffs misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiffs.

194.    Defendants' action violated NYLL §196-d.

195.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

195.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

196.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as polo shirts, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

197.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs and the members of the FLSA Class;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages;

28

and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA Class members;

(n)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)    Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

29

Dated: New York, New York
January 20, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____   /s/ Michael Faillace _____

By:    Michael A.  Faillace
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200   *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 13, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          David Padilla

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           13 de enero de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 13, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Joanny Garcia

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      JOANNY GARCIA

Date / Fecha:                           13 de enero de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 13, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Lopez Tavarez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:               *Jose Lopez*

Date / Fecha:                    13 de enero de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 16, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Ruben Dario Sanchez Jimenez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C._____

Signature / Firma:                          _Ruben Sanchez_____

Date / Fecha:                          _____16 de enero de 2017_____

4 de Noviembre del 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 9, 2016

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Vladimir Estrella Polanco

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     09 de febrero de 2016