UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PADILLA et al.,

                Plaintiffs,

   -v-                                                     No. 17 CV 437-LTS

701 W. 135TH CAFÉ INC., et al.,

                Defendant.

-------------------------------------------------------------X

## MEMORANDUM ORDER

        The Court has received and reviewed the parties' joint request for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See Docket Entry No. 35.) "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted).

"Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor.  In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorneys' fees.  See generally id.

        The Court has carefully considered the parties' joint submission, which includes a letter from Plaintiffs' attorney, a copy of the settlement agreement, a chart detailing Plaintiffs' damages, and a chart detailing Plaintiff's attorneys' fees and costs.  (See Docket Entry No. 35.)  In light of the factors articulated above, as well as the Court's review of the agreement and the parties' representations as set forth in Plaintiffs' letter, the Court finds that the proposed settlement agreement, including the authorization of attorneys' fees and costs in the amount of $82,500.00, is fair and reasonable and that it satisfies the requirements of Cheeks.  The parties are directed to submit their Stipulation of Dismissal by May 13, 2018.

    SO ORDERED.

Dated: New York, New York
       March 29, 2018

                                                /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge